**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**United States of America,**

   **Plaintiff,**

v.                     **Case No.  3:03-cr-044
                        also: 3:05-cv-010
                        Judge Thomas M. Rose**

**Debual Naranjo,**

   **Defendant.**

---

**ENTRY AND ORDER OVERRULING OBJECTION TO REPORT AND RECOMMENDATIONS, (DOC. 64 IN CASE NO. 3:03-CR-044), FINDING MOOT IN LIGHT OF MAGISTRATE'S AMENDMENTS TO THE REPORT AND RECOMMENDATIONS OBJECTION TO REPORT AND RECOMMENDATION, (DOC. 54 IN CASE NO. 3:03-CR-044), DENYING MOTION TO VACATE UNDER 28 U.S.C. § 2255 (DOC. 41 IN CASE NO. 3:03-CR-044), AND DENYING MOTION TO VACATE GUILTY PLEA PURSUANT TO 28 U.S.C. § 2255.  (DOC. 1 IN CASE NO. 3:05-CV-010).**

---

On March 25, 2003, Debual Naranjo was charged with two counts of intent to distribute in excess of five kilograms of cocaine: one for conspiracy, the other for possession, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  Doc. 7.  Represented by Richard P. Mottweiler and Lawrence J. Gregor, Naranjo entered into a plea agreement whereby the conspiracy charge would be dismissed and he would plead guilty to possession with intent to distribute in excess of five kilograms of cocaine. Doc. 22.  On June 26, 2003, the Government dismissed the conspiracy charge and Naranjo pleaded guilty to the possession charge.  Docs. 23 & 24.  On January 9, 2004 Naranjo was sentenced to the statutory minimum of ten years' confinement.  Doc. 27.

On January 20, 2004, Naranjo filed a notice of appeal. Doc. 32. With his appeal still pending, Naranjo has filed with this Court a motion to vacate his guilty plea pursuant to 28 U.S.C. § 2255. Case No. 3:05-cv-010, Doc. 1. This motion was refiled in Naranjo's criminal case. Case No. 3:03-cr-044, Doc. 41. The motion to vacate was updated on February 3, 2005. Doc. 45. The United States countered with a memorandum of law in opposition to Naranjo's request. Doc. 49. The matter having been referred to a magistrate, Reports and Recommendations were issued. Docs. 51 & 53. Debual objected, Doc. 54, prompting the magistrate to withdraw the Reports and Recommendations. Doc. 55. On September 8, 2005, an evidentiary hearing was held. Doc. 66. That same September 8, 2005, the Magistrate issued a Report and Recommendation that the motion to vacate guilty plea be denied, with the additional recommendations that the Court deny Naranjo a certificate of appealability and leave to file an appeal *in forma pauperis*. Doc. 61.

The United States filed new memorandum of law opposing the motion. Doc. 62. Naranjo renewed his objections to the Report and Recommendations. Doc. 64.

Pursuant to 28 U.S.C. §636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a *de novo* review of the record in this case. Based upon the *de novo* review of the record and upon the reasoning and citations of authority set forth by Chief Magistrate Judge Michael R. Merz in his Report and Recommendations, Doc. 61, the Report and Recommendations will be **ADOPTED** in its entirety. The Respondent's Objections to the Report and Recommendations will be **OVERRULED**.

Naranjo bases his motion to vacate his guilty plea upon the assertion that his trial counsel failed to provide the effective assistance of counsel guaranteed by the Sixth Amendment as interpreted by *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). Specifically,

Naranjo asserts that "Attorney Mottweiler told my friend that he could get me a deal of 3-4 years. Mr[.] Gregor said that if I cooperated I could get 2-3 years." Naranjo Aff. ¶ 6 (Case No. 3:05-cv-010, Doc. 2, ex. 1). Naranjo decries that his attorney did not file or discuss with him any pretrial motions to suppress evidence. Finally, Naranjo claims that trial counsel did not obtain or review video tape of the traffic stop that lead to Naranjo's detention. Doc. 41 (Also Case No. 3:05-cv-010, Doc. 1); see also affidavit of Naranjo, ¶ 4.

Mr. Mottweiller, however, recalls viewing the video tape evidence along with Mr. Naranjo, and discussing possible motions to suppress with him. According to Mottweiller, it was Naranjo's decision to forego possible motions and plead guilty in hopes of obtaining a government motion for a reduced sentence. Doc. 50 at ¶ 5-6. According to Mottweiller, he never mentioned a deal of three to four years, advising Naranjo instead that any motion to reduce his sentence would be at the discretion of the United States Attorney. *Id.* ¶ 7. Mottweiller also noted that an interpreter was present at all of the meetings he recalled. *Id.* ¶ 3. An affidavit from Mr. Gregor bolsters Mottweiller's testimony and adds the salient fact that Naranjo gave a *Mirandized* confession to police. Doc. 52, ¶ 20.

In order to prevail under a claim of ineffective assistance of counsel, a petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, at 687. A petitioner must also show prejudice, that is, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* at 694. Because Naranjo's *Mirandized* confession could have been introduced against him at trial, no prejudice resulted to him from any error in not bringing a motion to suppress.

The Court credits the testimony of Attorneys Mottweiller and Gregor, finding that they reviewed the video evidence and discussed the possibility of motions to suppress with Naranjo. Thus there was no deficiency in their performance. Additionally, Naranjo's confession obviates any prejudice that would have resulted had there been ineffective assistance of counsel.

The Court adopts the Report and Recommendation of Chief Magistrate Judge Merz. Doc. 61. The Court **OVERRULES** Naranjo's objection to the report and recommendations, (Doc. 64 in Case No. 3:03-cr-044), **FINDS MOOT** Naronjo's objection to the report and recommendation that was withdrawn, (Doc. 54 in Case No. 3:03-cr-044), and **DENIES** the motions to vacate under 28 U.S.C. § 2255.  (Doc. 41 in Case No. 3:03-cr-044, and Doc. 1 in Case No. 3:05-cv-010).

**DONE** and **ORDERED** in Dayton, Ohio, Tuesday, September 27, 2005.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE